JOHN D. BOWERS
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Telephone (307) 885-1000
Facsimile (307) 885-1002
Wyoming Bar # 6-3090

*Counsel for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

VAN L. HALE                          )
                                     )      Civil Action No. 09 C V  2 4 5 7
        Plaintiff,                   )
                                     )
        vs.                          )
                                     )
ALLIED INSURANCE,                    )
NATIONWIDE INSURANCE, and            )
John Does 1-3                        )
                                     )      **JURY TRIAL DEMANDED**
                                     )
        Defendant                    )
                                     )

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Van L. Hale, by and through his attorney, John D. Bowers of Bowers Law Firm,
PC brings this complaint against the above captioned Defendants.   For causes of action,
the Plaintiff shows the Court the following:

**I.  PARTIES**

1.  Plaintiff, Van L. Hale, is a citizen of the United State of America and a citizen
of the State of Wyoming.

2.  The Defendant, Allied Insurance, is a business entity with its company
headquarters located in Des Moines, Iowa, with regional offices in Minnesota, Indiana,

Florida, Nebraska, Arizona and California.

3.  Allied Insurance is a subsidiary to the parent company, Nationwide Insurance.

4.  Nationwide Insurance is a business entity with its company headquarters located in Ohio.

5.  Allied Insurance is registered with the Wyoming Secretary of State as a foreign corporation, formed in Pennsylvania with the principal office located at Four Allegheny Center 4th Floor Pittsburgh, PA 15212.

6.  Nationwide Insurance is registered with the Wyoming Secretary of State as a trademark with a mailing address of One Nationwide Plaza 1-35-01 Columbus, OH 43215.

## II.   JURISDICTION AND VENUE

7.  This action is brought in the United States District Court, for the District of Wyoming based upon diversity of citizenship between the parties.

8.  The Defendants committed acts and omissions complained herein, within the State of Wyoming, as referenced in this Complaint.

9.  The matter in controversy between the above captioned parties exceeds seventy five thousand ($75,000.00) dollars.

10.  Pursuant to 28 U.S.C. § 1332, the above captioned action is within the Court's jurisdiction.

## III.   FACTS COMMON TO ALL CLAIMS

11.  Allied Insurance is an insurance company licensed to sell automobile insurance policies within the State of Wyoming.

12.  Allied Insurance is a subsidiary to Nationwide Insurance and advertises as such.

13.  Allied Insurance advertises that it is "responsible for the independent agency system of Columbus, Ohio – Nationwide."

14.  Nationwide Insurance advertises that it is "#104 on the Fortune 500 List, and one of the country's largest multi-insurer and financial services organizations."

15.  Additionally, Nationwide Insurance advertises that it has "147 billion in statutory" assets and that it is one of the "largest insurance service companies in the world."

16.  Nationwide advertises nationally with the registered trademark "I am on your side."

17.  Nationwide advertises nationally "We're working hard every day to meet the insurance and financial needs of our customers, at every stage of life.   Whatever happens."

18.  The Plaintiff, Van L. Hale, (hereafter "Plaintiff") is a chiropractor with his office located in Afton, Wyoming.

19.  The Plaintiff is married and he and his family reside in Afton, Wyoming.

20.  For the protection of himself and his family, the Plaintiff purchased insurance on his home business and automobiles.

21.  The Plaintiff obtained automobile insurance from Allied Insurance for his and his family's protection.

22.  The Plaintiff obtained automobile insurance from Allied Insurance on four (4) vehicles, including a 2006 GMC truck.

23.  Because of the Plaintiff's long term relationship with Allied Insurance, he received a "Long-Term Customer" discount, a "multi-policy customer" discount, an "accident free" discount, and two other discounts.

24.  The Plaintiff has paid Allied Insurance significant insurance premiums over a long period of time, insuring his automobiles through Allied Insurance.

25.  As part of his insurance policies with Allied Insurance, the Plaintiff obtained "uninsured motorist coverage" and medical payment on all four vehicles.

26.  The Plaintiff's policy number on the four vehicles is "AACM0015996294-6.

27.  On the front page of the automobile insurance policy issued to the Plaintiff from Allied Insurance, it states:

Allied is committed to providing you high quality insurance protection and on your side service – service that is second to none.

28. Additionally, on the first page of the automobile policy issued to the Plaintiff, it states at the top of the page "Allied Insurance a Nationwide company On Your Side."

29. On the mailing envelope that was mailed to the Plaintiff with his automobile policy from Allied Insurance, it states "Allied Insurance a Nationwide company On Your Side."

30. Nationwide Insurance advertises that their toll free number is "877-on-your side."

31. Wyoming Statute § 31-10-101 states in relevant part:

No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by a natural person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle . . . unless coverage is provided therein . . . for the protection of persons insured there under or legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. . . .

32. Wyoming Statute § 31-10-101 defines a motor vehicle as "every vehicle which is self-propelled except vehicles moved solely by human power or motorized skateboards. . ."

33. Contrary to the Wyoming Statutes and public policy, Allied Insurance sold to the Plaintiff an uninsured motorist coverage policy with the following language:

"Underinsured motor vehicle" does not include any vehicle or equipment

. . .

5. Designed mainly for use off public roads while not upon public roads."

34. On March 28, 2009, the Plaintiff was involved in a serious automobile accident in an area of Utah which is referred to as the Sand Flats Recreational Area.

35. This area has been designated by the BLM, Grand County and other non-profit agencies as an area of roads designated for automobiles, Jeeps, motorcycles and all terrain vehicles.

36. Portions of these roads are used by over one hundred thousand visitors yearly.

37. The roads are marked and maintained by governmental entities and open to the public.

38. On March 28, 2009, the Plaintiff was seriously injured by an uninsured rider of a four wheel all terrain vehicle.

39. The operator of the ATV was negligent and caused the ATV to flip over and land on top of the Plaintiff, causing life threatening injuries.

40. Because the accident was on a public roadway, an ambulance and a deputy sheriff were able to respond to the scene to stabilize the Plaintiff.   He was then transferred by ambulance to Moab, Utah, for emergency treatment and stabilization. Because of his serious injuries, he was transferred to the University Of Utah Medical Center.

41. The Plaintiff suffered severe and significant injuries including but not limited to (a) numerous fractures in his pelvis and sacrum, (b) eight fractures in his lumbar spine, (c) four broken ribs, and (d) a crushed right arm and wrist.

42. In order to repair his right arm, screws and plates were placed throughout his arm and wrist in an attempt to stabilize it.

43. Because of the Plaintiff's extensive injuries, he was required to spend over a week in the hospital.   After the Plaintiff was allowed to leave the hospital, he still was unable to walk without the assistance of others for a period of time.

44. Because of the devastating injuries the Plaintiff suffered, his recovery was slow, requiring him to be placed on significant amounts of prescription medications including pain medication.

45. Because of the Plaintiff's life threatening injuries, his work as a chiropractor was stopped and limited.

46. Because of the accident, the Plaintiff incurred medical bills in excess of ninety thousand dollars and has lost significant amounts of income, past, present and potentially future from his profession as a chiropractor.

47. After the accident, the Plaintiff contacted Allied Insurance and requested payment under the uninsured motorist and medical payment provisions of his

automobile policies.

48. The Plaintiff was told that Allied Insurance would do an investigation into the accident to see if Allied Insurance was responsible to pay for the claims.

49. In an effort to get Allied Insurance to understand their responsibility for payment, the Plaintiff provided the following information to their representatives:

a. A detailed statement dated May 6, 2009, describing the accident;

b. A recorded interview by Allied Insurance's representative;

c. Material detailing the area of the accident;

d. The names and contact information of people involved in the accident including the driver of the ATV;

e. An affidavit from the owner of the ATV stating that there was not any insurance on the vehicle.

50. On June 9, 2009, an Allied Insurance representative sent a letter to the Plaintiff that contained the caption "Allied Insurance a Nationwide company On Your Side."

51. The letter dated June 9, 2009 from Allied Insurance contained the following statements:

The Personal Auto Policy specifically does not cover injuries arising out of the use of vehicles designed mainly for off-public road use. In addition, liability for the loss is not reasonable clear

. . .

Nationwide Mutual Insurance Company will continue to investigate this claim to determine whether the above quoted provisions from Eric's insurance policies preclude coverage for your claim.

. . .

The reasons identified in this Reservation of Rights Letter regarding coverage are not necessarily exhaustive but do not preclude Nationwide Mutual Insurance Company from asserting any other valid reason for later denying or reserving coverage.

52. In the June 9, 2009 letter, the representative of Allied Insurance required the Plaintiff to provide the following in order "to continue the investigation":

5. Documentation of coverage, including any denial of coverage, from any applicable sources of recovery including but not limited to the personal

auto policy for Mark Hale, the personal auto policy for Teresa Imeson, any recreational vehicle policy applicable for the Plaintiff or Ms. Imeson and homeowner's insurance coverage for Mr. Mark Hale and Ms. Imeson.

53. The letter from Allied Insurance dated June 9, 2009 contained misrepresentations of the policy coverage.

54. The letter dated June 9, 2009 from Allied Insurance placed impossible burdens upon the Plaintiff in requiring him to try to obtain personal information from the driver of the ATV and the owner of the ATV which Mr. Hale had no control over.

55. The letter dated June 9, 2009, from Allied Insurance attempted to force the Plaintiff into a confrontation with the ATV operator and also the owner of the ATV.

56. The letter dated June 9, 2009, from Allied Insurance required the Plaintiff to do acts which were not included within his automobile policy and were requirements not made in good faith by Allied Insurance.

57. In a second letter dated July 9, 2009, with the heading "Nationwide Insurance Allied Insurance Nationwide Agribusiness Titian Insurance Victoria Insurance On Your Side" Allied Insurance stated:

"We investigated coverage for the loss under both the Uninsured Motorist and Medical Payments coverage forms. Given the information we have to date, we do not believe either coverage applies to Mr. Hale's injury . . . . While we feel strongly that our coverage assessment is correct, we understand if you disagree with our analysis. After review of this letter, if you do not agree with our position, we suggest filing a declaratory judgment action to resolve the coverage matter.

. . .

In addition, it appears the location of the loss was not a public roadway. Our research indicates that Utah law would not consider the "Fins and Things Trail" to be a public road."

58. The denial also dated July 9, 2009, contained misstatements of the applicable law.

59. Because of the Defendant's actions, the Plaintiff has been damaged and continues to be damaged.

60. The Defendants have attempted to find unreasonable excuses not to make payment to the Plaintiff.

61. The Defendants' actions have forced the Plaintiff to file this action and incur attorney fees.

## IV. FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

62. The Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein

63. The Plaintiff entered into an insurance contract with the Defendants to provide automobile insurance coverage including, but not limited to, uninsured motorist coverage and medical payment coverage.

64. Relying upon the representations of the Defendants, the Plaintiff fulfilled his obligations to the contract including paying significant premiums for the coverage.

65. The Plaintiff has made demand upon the Defendants for payment under the contract.

66. The Defendants have refused to make payment to the Plaintiff under the contract which constitutes a breach of the contract.

67. Because of the Defendants breach of the insurance contract, the Plaintiff has suffered damages in amounts to be proven at trial.

## V. SECOND CLAIM FOR RELEIF
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

68. The Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein

69. The Plaintiff entered into an insurance contract with the Defendants.

70. Every insurance contract in the State of Wyoming requires that the parties act in good faith and deal fairly with the other party.

71. The Defendants have breached their duty of good faith and fair dealing in part, but not limited to:

a. Attempting to put exceptions into their policies against Wyoming law and against public policy;

b.   Failing to protect the Plaintiff from injuries sustained by an uninsured motorist by refusing payment under the contract;

c.   Failing to conduct a fair investigation in a manner protecting the Plaintiff;

d.   Making misrepresentations to the Plaintiff;

e.   Failing to make payment to the Plaintiff under the insurance contract;

f.   By other means to be proven at trial.

72.   Because of the Defendants breach of their duty of good faith and fair dealing, the Plaintiff suffered damage.

73.   The Plaintiff has suffered damages in an amount to be proven at trial.

## VI.   THIRD CLAIM FOR RELIEF
## BAD FAITH, DENIAL OF COVERAGE

74.   The Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

75.   The Defendants have acted in bad faith in their denial of making payment under the insurance contract to the Plaintiff.   Specifically, but not limited to:

a.   Attempting to place exceptions to coverage in a policy not allowed under Wyoming law;

b.   Attempting to place exceptions in an uninsured motorist insurance policy not allowed by Wyoming law and against public policy;

c.   Misrepresenting applicable law and denying coverage;

d.   Not viewing the applicable law in the light favorable to the Plaintiff to provide coverage;

e.   Attempting to use reasons not supported by fact or law to deny coverage;

f.   In other manner and means to be proven at trial.

76.   The Defendants' acts in denying insurance coverage to the Plaintiff rise to the level of bad faith.

77.   Because of the Defendants' actions constituting bad faith, the Plaintiff has been damaged in an amount to be proven at trial.

78.   Because of the Defendants' bad faith actions, the Plaintiff should be awarded

exemplary and punitive damages against the Defendants.

## VII.  FOURTH CLAIM FOR RELEIF
## BAD FAITH, INVESTIGATION

79.  The Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

80.  The Defendants have acted in bad faith in investigating the Plaintiff's claims under his insurance coverage.

81.  The Plaintiff paid premiums and obtained insurance coverage from the Defendants to protect his family.

82.  The Defendants have investigated the facts, not for the protection of the Plaintiff, but rather for the protection of their company.

83.  The Defendants' investigation was done in bad faith with the purpose of hindering and denying coverage to the Plaintiff.

84.  The acts of the Defendants which establish that the investigation was done in bad faith include but are not limited to:

a.  Stating that an exemption, not allowed by Wyoming law or public policy, prevents coverage;

b.  Misrepresenting the language of the policy;

c.  Misrepresenting the applicable laws to the Plaintiff;

d.  By placing unreasonable and harassing burdens upon the Plaintiff during the investigation process;

e.  By requiring the Plaintiff to obtain and provide information that was not required under the insurance policy;

f.  By requiring that the Plaintiff obtain personal information from the driver of the ATV and the owner of the ATV;

g.  By other means and manners to be proven at trial.

85.  Because of the Defendants' bad faith actions during the investigation process, the Plaintiff has been damaged in an amount to be proven at trial.

86. Because of the Defendants' bad faith actions, the Defendants should be ordered to pay the Plaintiff exemplary and punitive damages.

## VII. FIFTH CLAIM FOR RELIEF
## REFORMATION

87. The Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

88. The Defendants issued an automobile insurance policy to the Plaintiff which they have alleged contains exceptions preventing coverage to the Plaintiff.

89. The exceptions alleged by the Defendants are against Wyoming law and the intent of the Wyoming legislature.

90. The exceptions alleged by the Defendants are against public policy of the State of Wyoming.

91. The Plaintiff obtained automobile coverage for four automobiles through the Defendants, which the Defendants have alleged contain these alleged exceptions.

92. The alleged exceptions by the Defendants should be stricken and reformed to comply with the laws of the State of Wyoming and public policy.

93. The Plaintiff requests that the Court reform the four automobile policies, specifically, but not limited to:

a. Strike any and all alleged exceptions by the Defendants which are not in conformity with the laws of the State of Wyoming and public policy;

b. The alleged language preventing "anti-stacking" within the policies;

c. That after the policies have been reformed, that the Court order the Defendants to pay the Plaintiff the amounts of $100,000.00 per policy for uninsured benefits and the amount of medical payments in each policy;

d. The Plaintiff asks that the policies be reformed in compliance with Wyoming law to provide the coverage which he intended and expected pursuant to Wyoming law and public policy.

## IX. SIXTH CLAIM FOR RELIEF
### ATTORNEY FEES

94. The Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

95. The Defendants have violated provisions of W.S. § 26-15-124 by forcing the Plaintiff to retain counsel and litigate the claims.

96. The Defendants have breached their duty to the Plaintiff by not paying the amounts owed to him when demanded.

97. As a result of the Defendants' actions, the Plaintiff is entitled to attorney fees and interest in the amount of 10% from the date of his demand.

WHEREFORE, the Plaintiff prays for judgment in favor of the Plaintiff in the amounts sufficient to invoke the jurisdiction of this Court, to be entered against the Defendants under all claims for relief including but not limited to:

1. The uninsured and medical payment provisions of the four (4) policies;
2. Compensatory damages to be proven at trial;
3. Exemplary and punitive damages to be proven at trial;
4. Reasonable attorney fees incurred by the Plaintiff in this matter to be proven at trial;
5. Prejudgment and post judgment interest;
6. All other damages allowed under Wyoming and Federal law to be proven at trial;
7. All other loss and damage caused by the Defendants' actions as set forth in this Complaint and proven at trial.

///

RESPECTFULLY SUBMITTED this 23rd day of October, 2009

JOHN D. BOWERS
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Telephone: 307-885-1000
Facsimile: 307-885-1002

Counsel for the Plaintiff