JOHN D. BOWERS
Wyoming Bar # 6-3090
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Telephone (307) 885-1000
Facsimile (307) 885-1002

JAMES K. LUBING
Wyoming Bar # 5-2284
Law Office of James K. Lubing
P.O. Box 3894
Jackson, WY   83001
Telephone: (307) 733-7242
Facsimile: (307) 733-7471

*Co-Counsel for the Plaintiff*

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| VAN L. HALE | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.   09-CV-245-J |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLIED INSURANCE, | ) | |
| NATIONWIDE INSURANCE, and | ) | |
| John Does 1-3 | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

_____

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CONCERNING THE EXCLUSION CLAIMED BY THE DEFENDANTS,
SPECIFICALLY THAT THE ACCIDENT OCCURRED ON A PUBLIC ROAD
AND/OR THAT THE DEFENDANT'S CLAIMED EXCLUSION VIOLATES
PUBLIC POLICY**

COMES NOW the above-captioned Plaintiff by and through his attorneys, John D.

Bowers and James K. Lubing respectfully requests that the Court grant them partial summary judgment finding that the Defendant's claimed exclusion to coverage does not cover in that the accident occurred on a public road and/or that the Defendant's claimed exclusion violates public policy, and informs the Court as follows:

1. The Plaintiff, Van L. Hale purchased uninsured motorist coverage for three of his vehicles from the Defendants.

2. The Defendants accepted payment from Van L. Hale for the uninsured motorist coverage in providing him with an uninsured motorist insurance coverage.

3. The uninsured motorist insurance policy was issued in the State of Wyoming to benefit Van L. Hale and his family.

4. On March 28, 2009, Van L. Hale was injured by an uninsured motor vehicle in an area known as the Sand Flats Recreational Area, located on public lands on a marked public route.   The marked motor vehicle route that Van L. Hale was severely injured on is an area owned by the Bureau of Land Management and managed between a partnership between Grand County, Utah and the United States Bureau of Land Management.

5. The Sand Flats Recreational Area encompasses 7,240 acres and "is managed as a self-funding site in partnership between Grand County and the BLM. Fees are charged for day use and camping and go directly towards maintenance of facilities." (Moab BLM Field Office analysis of management situation 10.1.2.2).   The area that Van L. Hale was seriously injured in was located within a marked motor vehicle route known as the "Fins and Things Jeep Trail." ("Fins and Things Jeep Trail" is given this designation pursuant to the Moab BLM Field Office analysis of management situation 10.1.2.2 and on other public maps and descriptions).

6. With the partnership of the Bureau of Land Management and with Grand County, Utah, they advertise the area that Van L. Hale was injured on as:

> "Moab's 4-wheel drive trails are world renowned for their combination of challenge and awesome scenery.   Sand Flats Recreation Area offers three trials; Fins and Things Jeep Trail, Porcupine Rim Trail, and Hell's Revenge Jeep Trail all rated difficult.   Stock vehicles are not recommended on Porcupine Jeep Trail and Hell's Revenge.   A stock

vehicle can be on the Fins and Things trail if it has good articulation, high ground clearance and adequate front and rear approach angles."
(http://www.discovermoab.com/sandflats.htm 16)

7. Grand County Utah describes the Sand Flats Recreational Area as:

"The Sand Flats Recreation Area (SFRA) near Moab, Utah is a nationally significant public lands treasure at the heart of the Colorado Plateau.
. . .
The Sand Flats Recreational Area is managed through a unique partnership between Grand County and the Bureau of Land Management. In 1995 this area was developed through collaborative efforts of AmeriCorps, and the Bureau of Land Management, Grand County and the Moab community.  SFRA's mission is to protect the natural features of the area from adverse recreational impacts while providing access to sustainable and enjoyable recreational opportunities."
(http://www.grandcountyutah.net/sandflats.htm)

8. The area that Van L. Hale was seriously injured in was within a marked route.  Pursuant to the regulations of the Bureau of Land Management and Grand County, Utah:

"All terrain vehicles are permitted on all of the jeep trails at SFRA including Fins and Things Jeep Trail . . . ATV's and all other vehicles must travel marked routes.  Cross-country travel is not permitted . . . Please remember that motorized traffic deals to non-motorized traffic."
(http://www.grandcountyutah.net/sandsflats.htm 15)

9. Van L. Hale was seriously injured when he was riding on a Honda 4-wheeler as it traveled up a steep incline on the public marked route referred to as Fins and Things in the Sand Flats Recreational Area.

10. The driver of the Honda ATV negligently accelerated going up the hill, causing it to flip over and land on Van L. Hale and the driver.  Van L. Hale was attempting to assist the driver of the Honda ATV as it maneuvered up the marked route when the accident occurred.

11. The Honda ATV fell on Van L. Hale causing severe and significant injuries to his wrist, pelvis and back resulting in medical bills in excess of $90,000.00.

12. Because of the severe nature of Van L. Hale's injuries, he was immobilized and unable to leave the marked route.  As such, the 911 operator was contacted and local

law enforcement and emergency response technicians in an ambulance were dispatched to the scene.

13. A Grand County Deputy drove his patrol truck up the marked roadway to the scene where Van L. Hale way laying and assisted in his immobilization and first aid.

14. A four wheel drive ambulance drove to the marked route where Van L. Hale was placed in it and then driven in the ambulance from the scene to the emergency room of Moab, Utah.

15. Because of the severe injuries to Van L. Hale's back, pelvis and arm, he was transported the next day to the University of Utah, where he spent 10 days and underwent surgical operations.

16. Because of the severe nature of Van L. Hale's injuries, he sustained permanent injuries to his body.

17. After the accident, Van L. Hale was notified that the Honda ATV that he was injured by was uninsured.

18. Van L. Hale made a claim against the Defendants based upon his insurance policy, specifically under the uninsured portions of the policy based upon the accident describe herein and his injuries.

19. Payment to Van L. Hale under the uninsured motor vehicle coverage of his insurance policy based upon an exception contained within the policy that states:

> "However, "uninsured motor vehicle" does not include any vehicle or equipment:
> . . .
> 4. Designed mainly for use off public roads while not on public roads."
> . . .

20. When the Defendants denied payment to Van L. Hale under his uninsured motor vehicle coverage, they breached their contractual obligations and acted in bad faith.

21. Van L. Hale was injured by the operation of an uninsured motor vehicle while on a public road.   In addition, the Defendant's reliance upon their exclusion is against public policy and as such, should not be enforceable.

22. Van L. Hale asks that the Court find that the accident in which Van L. Hale

was injured occurred on a public road or in the alternative, that the exclusion relied upon by the Defendants is against public policy.

23. In support of this motion, the Plaintiff has attached a memorandum which is incorporated by reference into this motion.

WHEREFORE, the Plaintiff respectfully requests that the Court find that the accident that injured Van L. Hale occurred on a public road, or in the alternative, that the exclusion relied upon by the Defendants is void as being against public policy.

RESPECTFULLY SUBMITTED this 10th day of September, 2010.

/s/ *John D. Bowers*
John D. Bowers
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Telephone: 307-885-1000
Facsimile: 307-885-1002

Attorney for the Plaintiff

CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Motion For Partial Summary Judgment was served this 10th day of September, 2010, and that copies were served as follows:

| | | |
|---|---|---|
| Gary T. Dance | [_____] | US Mail |
| Moffatt, Thomas, Barrett, Rock | [_____] | Fed Ex |
| & Fields, Chartered | [_____] | Facsimile |
| P.O. Box 817 | [_____] | Hand Delivery |
| Pocatello, ID   83204 | [_____] | E-mail |
| Telephone: (208) 233-2001 | [___X__] | E-filed |
| Facsimile: (208) 232-0150 | | |

/s/ *John D. Bowers*_____
John D. Bowers