JOHN D. BOWERS
Wyoming Bar # 6-3090
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Telephone (307) 885-1000
Facsimile (307) 885-1002
*Counsel for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| VAN L. HALE | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-CV-245-J |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLIED INSURANCE, | ) | |
| NATIONWIDE INSURANCE, and | ) | |
| John Does 1-3 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT

The Plaintiff respectfully objects to and requests that the Court strike the Defendants' Affidavits attached to their Motion for Summary Judgment in that they do not meet the requirements of the Federal Rules of Civil Procedure Rule 56(e) and as such should be not considered for the purposes of their Motion for Summary Judgment. First the Plaintiff states that they agree and can stipulate to many of the facts which the Defendants have set forth specifically, those facts as set forth in the Plaintiff's Relevant Facts section of this brief. However, the Defendants' affidavit contains significant conclusory statements and that are not based on personal knowledge of the affiants. For example on page 7 of the Defendants' Memorandum, in the last full paragraph they allege that a "full investigation into coverage was conducted" … "the location of loss was

not on a public roadway..." The cite they use is to the "Dance aff., Exhibit EHJ." These statements are examples of the significant numerous conclusionary statements that are made in the Defendants' Affidavits which should not be considered. Affidavits that are "generalized and conclusionary" are insufficient to establish facts or create factual disputes. *Citizens Environmental Council v. Volpe,* 484 F.2d 870 (C.A.10, 1973)[1]

In discussing the requirements of affidavits used in summary judgment proceedings the Tenth Circuit has stated that the statements contained in affidavits must be based on personal knowledge and sworn to. *Hayes v. Marriott* 70 F.3d 1144, 1148 (C.A.10 (Colo.),1995) *See Nissho-Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir.1988) (Unsworn affidavits do not raise factual issues precluding summary judgment.); *Pfeil v. Rogers,* 757 F.2d 850, 859 (7th Cir.1985) (Unsworn affidavits do not satisfy the evidentiary requirements of Fed.R.Civ.P. 56(e).), *cert. denied,* 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986). In

The affidavits attached to the Defendants' Motion for Judgment contained statements within the body stating that documents are true in accurate copies; however, the affidavits are not sworn to. Specifically, the affiants do not swear that the things they have stated in their affidavits are true which in the form that they have been provided is impossible. In Julian E. Gabiola Affidavit in ¶16, he states that there are attached copies of the notes of a telephone conference between John Bowers and Amy Chadwick of Nationwide. However, he does not state that the notes are a true and accurate representation of the conversation, nor does she have any personal knowledge of the conversation that resulted in the alleged notes. In essence, his affidavit is simply an unsworn statement that the documents are notes from another person but he has no personal knowledge of the notes or the conversation that allegedly give rise to the notes.

In essence, his affidavit is simply a notarized statement providing hearsay information. Federal Rules of Civil Procedure Rule 56(e) requires that the affidavit must be based upon admissible evidence. The notes of an alleged conversation between two individuals that Julian E. Gabiola was not present for and has absolutely no

---

[1] What was probably caused as a mailing error, the Plaintiff did not receive a copy of the Dance Affidavit and when it was discovered that the Dance Affidavit was not attached because of the time constraints the Plaintiff is relying upon the wording of the Memorandum making reference to the Dance Affidavit. The Plaintiff is assuming that the Dance Affidavit was included in the original filing with the Court but did not receive a mailed copy from the Defendants.

personal knowledge of could never be received as evidence in the trial in this matter.

The affidavits of the Defendants are unsworn statements which are not based upon personal knowledge attempting to admit hearsay evidence before the Court. This type of evidence would not be allowed at trial and under the Federal Rules of Civil Procedure Rule 56(e) they cannot be used in a Summary Judgment proceeding.

Other circuits have addressed the requirements of affidavits which give significant insight into the purpose and requirements of affidavits in Summary Judgments. In *Friedel v. City of Madison,* 832 F.2d 965 (7th Cir. 1987) several discharged police recruits filed suit against the city for wrongful discharge on the basis of race and gender. *Id.* After nine months of discovery, the defendants filed a motion for summary judgment with accompanying affidavits. The court held that the plaintiffs' counsel provided an "object lesson in how not to respond to a motion for summary judgment." *Id.* At 969. Plaintiffs' counsel provided their own affidavits, to which they attached a number of unsworn interview questions and responses as inadmissible evidence, holding:

> The use of affidavits by counsel is in certain carefully confined situations undoubtedly appropriate, but it is a tactic fraught with peril, and counsel must remember that the requirements of Rule 56(e) are set out in mandatory terms and the failure to comply with those requirements makes the proposed evidence inadmissible during the consideration of the summary judgment motion. Supporting materials designed to establish issues of fact in a summary judgment proceeding must be established through one of the vehicles designed to ensure reliability and veracity-answers to interrogatories, admission and affidavits.

*Id.* at 970 (internal quotations omitted). The answers to interview questions were based mostly on what the persons "heard" or "felt" to be the case and thus exhibited "serious hearsay and other evidentiary problems and [ran] against the literal requirements of [Rule 56(e)]." *Id.*

Essentially, the *Friedel* court held that unsworn interview responses simply do not qualify as "vehicles designed to ensure reliability," which is required for admissibility of a party's evidence in opposition to summary judgment. Other courts' holdings also support this conclusion. The Fourth Circuit Court of Appeals has

recognized that interviews conducted by an attorney who has an interest in the litigation, whereupon interviewees' affidavits are created, are "not conducive to frank disclosures," such that the interview responses and affidavits that reflect interviewees' answers may be properly discredited. *Nat'l Labor Relations Bd. V. Lifetime Door Co.,* 390 F.2d 272, 275-76 (4th Cir. 1968). In addition to the danger of unreliable responses in these unsworn interview settings, one court has also discussed the dangers associated with an affiant's "filling in the blanks" of a preprinted form. *State v. Bowman,* 1989 WL 83313, 4 (Tenn. Crim. App. 1989). In spite of the fact that this case arose in the criminal context, the court's reasoning provides helpful insight into courts' potential evaluation of the deficiencies that inevitable result when an affiant merely circles or fills in responses to a questionnaire and submits it to the court to support his position. The court here held:

> The danger with [questionnaires] is that they inevitable tend to lull users into what might be termed a "check-off and fill-in-the-blank mentality" which … produces a dearth of information. If the [affiant] here had been called upon to draw the affidavit largely from scratch, he might have fallen back on the trusty technique of setting out who-what-when-where-why, and thus would have avoided the deficiencies in the affidavit.

*Id.* An affidavit or sworn statement must set forth facts that conform to Rules of Evidence. It must be provided under circumstances that are conducive to eliciting frank disclosures. Information regarded by the court as inherently unreliable or lacking in specificity is insufficient. Accordingly, courts and practitioners should spend as much time discussing the admissibility of the information contained within an affidavit as they do discussing the substance of it.

     As such, the Plaintiff respectfully requests that the affidavits of the Defendants be stricken and they not be considered in any manner for the summary judgment motion based upon the fact they are unsworn statements, contained conclusionary statements, and are not based on admissible evidence. The Plaintiff specifically objects to the affidavits attached by the Defendants through their Motion for Summary Judgment and request that they be stricken.

RESPECTFULLY SUBMITTED this 10th day of September, 2010.

     /s/ *John D. Bowers*
John D. Bowers
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Telephone: 307-885-1000
Facsimile: 307-885-1002

Attorney for the Plaintiff

CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Objection and Motion to Strike was served this 10th day of September, 2010, and that copies were served as follows:

| | | |
|---|---|---|
| Gary T. Dance | [_____] | US Mail |
| Moffatt, Thomas, Barrett, Rock | [_____] | Fed Ex |
| & Fields, Chartered | [_____] | Facsimile |
| P.O. Box 817 | [_____] | Hand Delivery |
| Pocatello, ID 83204 | [_____] | E-mail |
| Telephone: (208) 233-2001 | [__X__] | E-filed |
| Facsimile: (208) 232-0150 | | |

     /s/ *John D. Bowers*
John D. Bowers