Gary T. Dance, WSB No. 6-2852
Julian E. Gabiola, Admitted Pro Hac Vice
David J. Dance, Admitted Pro Hac Vice
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
412 West Center
Post Office Box 817
Pocatello, Idaho 83204
Telephone (208) 233-2001
Facsimile (208) 232-0150
gtd@moffatt.com
14300.0111

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| VAN L. HALE,<br><br>                Plaintiff,<br><br>vs.<br><br>ALLIED INSURANCE, NATIONWIDE INSURANCE, and John Does 1-3<br><br>                Defendant. | Case No. 09CV-245J<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

        COME NOW, Defendants, by and through undersigned counsel of record, and submit this Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment.

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1**

## I. INTRODUCTION

The Plaintiff filed a Motion for Partial Summary Judgment contending that there is no genuine issue of material fact that Fins & Things 4x4 Trails is a public road pursuant to the terms of the policy. In the alternative, Plaintiff contends there is no genuine issue of material fact that the provision of the policy which precluded coverage of this accident as invalid as being contrary to Wyoming's Uninsured-Motorist Act. The relevant term at issue in this case specifically excludes from the definition of uninsured motor vehicle, vehicles or equipment that were "Designed mainly for use off public roads while not on public roads." *See* Memorandum in Support of Partial Summary Judgment at 2. As stated below, such contentions are contrary to the plain meaning of the terms of the policy as well as Wyoming law. As discussed more fully below, the Fins & Things 4x4 Trail is an off-road trail and cannot constitute a road or public road if those words are to have any meaning whatsoever. Furthermore, as discussed below, the provision is not contrary to Wyoming public policy. For these reasons Defendants are entitled to judgment as a matter of law.

## II. STATEMENT OF FACTS

Defendants generally do not dispute Plaintiff's statement of undisputed facts except for Plaintiff's assertion that there was no accident that was the result of an uninsured motor vehicle, as the off-road vehicle in question was not an uninsured motor vehicle under the terms of the policy.

## III. ARGUMENT

Wyoming treats insurance polices as contracts and therefore the rules of contract interpretation apply in interpreting provisions within those policies. *Farmers Ins. Exchange v. Dahlheimer*, 3 P.3d 820, 821 (Wyo. 2000). The rule of interpretation has been articulated as "If

a contract is clear on its face, we must assume it reflects the intent of the parties. We are not free to rewrite contracts under the guise of interpretation. So long as there is no ambiguity, we are bound to apply the contract as it is written." *Id.* at 822 (citations omitted). Coverage was excluded under the unambiguous term of the policy stating "However, 'uninsured motor vehicle' does not include any vehicle or equipment: 4. Designed mainly for use off public roads while not on public roads." The language is not to be tortured in order to create an ambiguity.[1]

With these standards of interpretations in mind, a reasonable person in Plaintiff's position would understand that the Fins & Things 4x4 Trail does not constitute a "public road" under its plain meaning under the policy. Furthermore, there is nothing in this provision which is contrary to Wyoming public policy.

### A. The Occurrence Was Properly Excluded as it Occurred Off-Road

Plaintiff contends that summary judgment is appropriate in this instance as there is no genuine issue of material fact that the Fins & Things 4x4 *Trail* is a public road. In essence, Plaintiff asks this Court to rewrite its policy under the guise of interpretation. Such an interpretation is not supported by Wyoming law or logic.

#### 1. The Fins & Things 4x4 Trail is an Off-Road Trail

---

[1] While Wyoming Courts have not considered this language in a policy, others have consistently found this exact language to be unambiguous. *See, e.g., Schleusner v. IMT Ins. Co.*, 724 N.W.2d 430 (Wis. App. 2006) (Holding that the provision "However, 'uninsured motor vehicle does not include any vehicle or equipment designed mainly for use off public roads while not on public roads."); *State Auto. Ins. Co. v. Pasquale*, 163 Ohio App. 3d 381 (2005) (same); 507 S.E.2d 303 (N.C. App. 1998) (same). Courts addressing very similar have also concluded that such language is unambiguous. *See, e.g., Meeks v. Berkbuegler*, 632 S.W.2d 24 (Mo. App. 1982) (holding that insured's argument that "designed for use mainly off public roads except while on public roads" was ambiguous was "meritless").

Plaintiff's primary contention—that Fins & Things 4x4 Trail is a public road—overlooks the essential determination of whether this trail is a road at all. Apart from considering the plain meaning of the term "trail" and the BLM's designation of the Fins & Things 4x4 Trail as such, common sense indicates that this "route" at best can be considered a trail. One need only look to the first sentence of the information sheet about Fins & Things 4x4 Trail found in the Sand Flats Recreation Area Visitor Guide to understand that there is a distinction between a road and a trail. Specifically, it states "This *trail* runs on both sides of the Sand Flat Trail Road." Sand Flats Recreation Area Visitor Guide (Document 53-1).

It is common knowledge that the plain meaning of road is generally interpreted as a route prepared, paved, or otherwise prepared for easy travel—not a sandstone rollercoaster containing steep slickrock embankments which cannot be scaled by some vehicles designed for off-road use. A review of the pictures produced by Plaintiff and submitted in support of his motion for summary judgment, clearly demonstrate that its classification as a trail is somewhat bewildering. It certainly lacks any identifiable route. At the particular location of the accident the "trail" was so steep that a vehicle designed for off-road use with Mr. Hale riding on the front acting as a counter-balance and another individual pushing from behind could not scale the embankment. Certainly, Fins & Things 4x4 Trail does not invoke the ideas or images of a road. It has aptly been described as "A giant sandstone roller coaster with perfect traction, enabling incredibly steep climbs and descents over tire-blackened slickrock. Assistance may be needed at steepest points. For advanced riders only" http://www.trails.com/tcatalog_trail.aspx?trailid=XFT004-024. If such a trail were considered a road, all trails within and outside the state of Wyoming would be considered roads. Such a

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4**

consideration that cannot withstand scrutiny and would render all distinctions between trails and roads meaningless.[2]

### 2. The Fins & Things 4x4 Trail is not a public road.

Assuming, *arguendo*, this Court determines that the Fins & Things 4x4 Trail is in fact a road, pursuant to Wyoming law it cannot be considered a public road. Plaintiff primarily relies on the limited holding of *McClean v. State*, 62 P.3d 595 (Wyo. 2003) to support his assertion that the Fins & Things 4x4 Trail is a public road. This reliance is misplaced. In *McClean*, the court was confronted with the issue of whether a **road** within a mobile home park constituted a "highway" dedicated to public use under Wyoming law. *Id.* at 598. This case has a very limited holding interpreting what constitutes a "highway" within the Motor Vehicle Statute of the state of Wyoming. This case certainly doesn't stand for the broad proposition that if a trail can be accessed by the public after paying a fee and certain modified police and ambulant service vehicles also can access portions of the trail, such a trail is a public road as Plaintiff seemingly contends. *See Plaintiff's Memorandum in Support of Motion for Summary Judgment* at 12. There are simply no similarities between the Fins & Things Trail and the roadway found within the Mobile Home Park in *McClean*. Such a broad application of the holding in *McClean*, as requested by the Plaintiff, would lead to the classification of every off-road recreational vehicle trail, snowmobile trail, motorcycle trail, motocross course, monster truck course that were

---

[2] Courts have consistently viewed roads and trails differently in Wyoming. *See, e.g.*, *Roberts v. The Estate of Randall*, 51 P.3d 204, 210 (Wyo. 2002) ("When not closed during winter, Greys River Road is also known as Forest Service Road 10138; however, during winter it is closed to wheeled traffic and is a **_trail_** in the Wyoming Range snowmobile area" (emphasis added)).

intended for public use a "public road." Such a broad application could not have been intended by the Supreme Court of Wyoming.

The other cases cited by Plaintiff in support of his motion —*Reidy v. Stratton Sheep Co.*, 135 P.3d 598, 606 (Wyo. 2006) and *McGuire v. McGuire*, 608 P.2d 1278 (Wyo. 1980)—are also distinguishable. Both *McGuire* and *Reidy* dealt with the creation of a private road pursuant to Wyoming Statute § 24-9-101. While both cases tangentially refer to public roads, such reference has been found to merely be dicta[3], and therefore shouldn't be considered persuasive, especially given the Wyoming Supreme Court's decision in *Yeager v. Forbes*, 78 P.3d 241 (Wyo. 2003).[4] There, the Court was specifically asked to determine whether a trail was a public road pursuant to Wyoming law. After an extensive discussion of the establishment and history of public roads in Wyoming, the Court held:

> We hold that the 1919 statute effectively vacated the public status of any road, including those established pursuant to R.S. 2477, which were not recorded and established by the pertinent board of county commissioners. R.S. 2477 roads are regulated under the law of the state in which the road is located. The 1919 law was clear and unambiguous: "[T]he act provided that no roads should be public roads unless and until duly established as the act provided." In Nixon, this Court interpreted the 1919 statute to mean that no road could be a public road unless it was recorded and duly established as such under the terms of the statute. . . . The records of Sheridan County do not show that the Trail had ever been recorded and established as a public road as required by statute. Accordingly we conclude that the Trail is not a public road.

---

[3] In *Yeager*, the Wyoming Supreme Court discusses at some length the *McGuire* decision and the dicta found therein.

[4] Specifically both *McGuire* and *Reidy* both did not deal with Wyoming statutes pertaining to state and county roads as both the roads involved in those cases were on federal land. As Plaintiff so vigorously argues in his response to Defendants' Motion for Summary Judgment, Wyoming law applies.

*Yeager*, 78 P.3d at 255.

Fins & Things 4x4 Trail has never been duly established as a public road by either the state of Wyoming or the State of Utah.[5] Interestingly, even though *Yeager* was decided after *McClean* the court did not simply just use its analysis in *McClean* to establish that the trail in question was a public road.

In summary, if the Fins & Things 4x4 Trail is considered a "public road" under its plain meaning, the provision the policy is rendered meaningless. It is clear from its language and similar language from other Insurer's policies that they simply cannot take upon all risks associated with a motor vehicle under an automobile policy or an uninsured policy. For this reason parties contract for exclusions. These exclusions put insureds on notice that other coverage may be necessary including coverage for accidents resulting from injuries while operating off-road recreational vehicles. Policy provisions, however, cannot simply be re-written under the guise of interpretation.

As there can be no genuine issue of material fact concerning the nature and designation of the Fins & Things 4x4 Trail, Defendants are entitled to judgment as a matter of law.

**B.    This Provision Doesn't Contradict Wyoming's Public Policy**

In the alternative, Plaintiff claims that the provision within the policy excluding from uninsured motorists coverage for accidents occurring while using a vehicle mainly designed for off-road use while off of public roads should be void for public policy reasons. *See*

---

[5] Defendants recognize the interesting choice of law issue presented in this case given Wyoming's clear definition of what constitutes a public road. Defendants note, however, that under Utah law, Fins & Things Trails is not a public road as it cannot be accessed without permission of the BLM.

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 7**

*Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment* at 13-17. As discussed below, the policy provision is not contrary to Wyoming public policy.

Under Wyoming law, parties have the right to embody in their contract whatever lawful terms they wish on the condition that the insurance agreement does not conflict with public policy. *Commercial Union Ins. Co. v. Stamper*, 732 P.2d 534, 536 (Wyo. 1987). The Wyoming Uninsured Motorist Act provides:

> No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death as provided by W.S. 31-9-102(a)(xi), under provisions approved by the insurance commissioner for the protection of persons insured thereunder or legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. The named insured may reject the coverage. Unless the named insured requests the coverage in writing, the coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer.

Wyo. Stat. Ann. § 31-10-101 (2009).

This section was designed to furnish protection, by insurance, for innocent automobile accident victims. *Ramsour v. Grange Ins. Ass'n*, 541 P.2d 35, 38 (Wyo. 1975). "Uninsured motorist coverage compliments financial responsibility legislation, by providing coverage to innocent persons who suffer damages because of the wrongful conduct of uninsured motorists who are not financially responsible and, therefore, cannot be made to respond in damages." *State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 821 (Wyo. 1994) (internal citations omitted).

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 8**

Client:1781220.1

Wyoming Statute Section 31-4-103(a) provides "No owner of a motor vehicle required to be registered shall operate or permit the operation of his motor vehicle without having in full force and effect a motor vehicle liability policy." Therefore, a motor vehicle that is not required to be registered in Wyoming is excepted from carrying a liability policy. In order to determine which motor vehicles are required to be registered in the state of Wyoming, one must look to Wyoming Statute Section 31-2-201. Section 31-2-201(f) specifically provides that "off-road recreational vehicles shall not be registered." There is no genuine issue of material fact that the vehicle in question in this case was an "off-road recreational vehicle" pursuant to Wyoming law.[6]

While this specific issue has not been addressed by a Wyoming court, this precise issue was addressed by the Supreme Court of West Virginia in *Boniey v. Kuchinski*, 677 S.E. 922 (W. Va. 2009). There, the insured was injured as a passenger on an ATV while riding off-road. *Id.* at 924. The insured made a claim under her uninsured policy and State Farm denied the claim based on the language in the policy which stated "An uninsured motor vehicle does not include a motor vehicle . . . Designed for use mainly off public roads, except while on public

---

[6] Wyoming law defines an "off-road recreational vehicle" as "(I) A recreational vehicle designed for off-road use which is fifty (50) inches or less in width, has an unlade weight of nine hundred (900) pounds or less and is designed to be ridden astride upon a seat or saddle and to travel on at least (3) low pressure tires. A "low pressure tire" is a pneumatic tire at least (6) inches in width, designed for use on wheels with a rim diameter of twelve (12) inches or less and having a manufacturer's recommended operating pressure of ten (10) pounds per square inch or less." Wyo. Stat. Ann. § 31-1-101(a)(xv)(K)(I) (2009). As demonstrated by exhibit A to the Affidavit of Brian Jablonski that was submitted with Defendants' Memorandum in Support of Motion for Summary Judgment, the specifications of the Honda FourTrax Rancher's specifications meet the requirements in Wyoming to be classified as an "off-road recreational vehicle." Specifically, the FourTrax Rancher is 43.9 inches wide, has an unladen weight of 525 pounds, and travels on four tires with the front on wheels with a diameter of twelve inches and the rear wheels with a diameter of 11 inches. *See Affidavit of Brian Jablonski* Exh. A (Doc. 37 filed in this matter).

roads." *Id.* at 925. The insured moved for summary judgment asking the lower court to find that this provision of the policy was contrary to the Uninsured Motorist Act. *Id.* The district court granted summary judgment and State Farm appealed. *Id.* On appeal the Supreme Court went into an in-depth analysis of statutory provisions that in essence mirror those of the State of Wyoming. *See id.* In reversing the lower court, the Supreme Court held:

[B]ecause an ATV is not required to have liability insurance coverage under the financial [responsibility] law, an ATV is not an "uninsured motor vehicle" for the purposes of [the Uninsured Motorists Act]. Accordingly, we conclude that an insurance policy provision excluding ATVs from the uninsured motorist coverage mandated by [the Uninsured Motorists Act] does not violate the intent and purpose of the uninsured motorist statute. *Id.* at 928.

Similar to the analysis used by the Supreme Court of West Virginia[7] when interpreting a nearly identical provision and similar statutes, as Wyoming does not require liability coverage for off-road recreational vehicles, a provision excluding such from uninsured coverage cannot be contrary to the public policy of the Uninsured Motorists Act. Certainly, it cannot be said that one is financially irresponsible under Wyoming law for not carrying coverage that is not required under Wyoming's "Motor Vehicle Safety-Responsibility Act."

---

[7] Defendants also note that the West Virginia Supreme Court is not the only jurisdiction holding that the exclusion of uninsured coverage from off-road vehicles does not violate public policy. Here are merely a few examples. *See, e.g., Corbett v. Smith*, 507 S.E.2d 303, 305 (N.C. 1998) (finding an uninsured motorist statue inapplicable to an ATV); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 442 S.E.2d 179, 181 (1994) (farm tractors are not subject to mandatory uninsured motorist coverage); *State ex rel. Toastmaster, Inc. v. Mummert*, 857 S.W.2d 869, 871 (Mo. App. 1993) (a forklift is not subject to mandatory uninsured-motorist coverage); *Arbella Mut. Ins. Co. v. Vynorious*, 607 N.E.2d 431, 432 (Mass. Ct. App. 1993 (uninsured motorists coverage is not required for snowmobiles); *West American Ins. Co. v. Pirro*, 808 P.2d 322, 323 (Ariz. 1990) (excluding off-road vehicles from uninsured-motorist coverage does not violate public policy); *Steptec v. Farmers Ins. Co.*, 222 N.W.2d 796, 799 (1974) (the uninsured-motorist statute does not apply to snowmobiles used off-road).

Therefore, Defendants contend that there is no genuine issue of material fact that this provision is not contrary to the public policy of Wyoming, and Defendants are therefore entitled to judgment as a matter of law that this provision is valid under Wyoming law.

### IV. CONCLUSION

The policy provision in question clearly and unambiguously precludes coverage for the accident which caused severe personal and bodily injury to the Plaintiff. This term, however, cannot be rewritten under the guise of interpretation to include

DATED this 24 day of September, 2010.

> MOFFATT, THOMAS, BARRETT, ROCK &
> FIELDS, CHARTERED
>
> By *Gary T. Dance*
> Gary T. Dance – Of the Firm
> Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___24___ day of September, 2010, I caused a true and correct copy of the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** to be served by the method indicated below, and addressed to the following:

| | |
|---|---|
| John D. Bowers<br>BOWERS LAW FIRM<br>P.O. Box 1550<br>Afton, WY 83110<br>Fax: (307) 886-1002 | (✓) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>(✓) Facsimile |
| James K. Lubing<br>Lubing Law Office<br>P.O. Box 3894<br>Jackson, WY 83001<br>Fax: (307) 733-7471 | (✓) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>(✓) Facsimile |

_Gary T. Dance_
Gary T. Dance