Gary T. Dance, WSB No. 6-2852
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
412 West Center
Post Office Box 817
Pocatello, Idaho 83204
Telephone (208) 233-2001
Facsimile (208) 232-0150
gtd@moffatt.com
14300.0111

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| VAN L. HALE,<br><br>              Plaintiff,<br><br>vs.<br><br>ALLIED INSURANCE, NATIONWIDE INSURANCE, and John Does 1-3<br><br>              Defendant. | Case No. 09CV-245J<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT** |

COME NOW, Defendants by and through undersigned counsel of record and respond to Plaintiff's Objection to and Motion to Strike Defendants' Affidavits attached to Motion for Summary Judgment.

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT - 1**

Client:1780207.1

## I. INTRODUCTION

The Defendants filed a motion for summary judgment on August 20, 2010. In support of its motion for summary judgment, Defendants included the Affidavit of Julian Gabiola and an Affidavit of Brian Jablonski.[1] On September 11, 2010 Plaintiff filed an objection to the submission of these affidavits and moved that they be stricken. *See* Document 59. Plaintiff contends that these affidavits are not proper under Rule 56(e) of the Federal Rules of Civil Procedure and do not comply with the Federal Rules of Evidence, and therefore should be excluded. For the reasons set forth below, Defendants respectfully disagree and ask this Court to overrule Plaintiff's objection.

## II. ARGUMENT

Rule 56(c) of the Federal Rules of Civil Procedure specifically provides that summary judgment is appropriate when the "pleadings, the ***discovery and disclosure materials on file***, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added). Julian Gabiola, by and through his affidavit, swore that specific documents were true and accurate copies of documents that were either produced either in Plaintiff's Initial Disclosures or in Defendants' Responses to Plaintiff's Requests for Production. Defendants are unaware of any case law suggesting that use of such an affidavit is improper or should be stricken.

---

[1] Defendants apologize to the Court and Counsel for any confusion caused by the typographical error referring to the "Dance Affidavit." Any reference to "Dance Aff." refers to and should read "Gabiola Aff."

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT - 2

Client:1780207.1

### A. Mr. Gabiola's Affidavit is Proper

In its Objection, Plaintiff makes several assertions concerning the propriety of the statements sworn to by Julian Gabiola. Plaintiff first contends that the affidavit submitted includes generalized, conclusory, and unsworn statements. These contentions are unfounded.

First and foremost, there is simply no foundation for objecting to the Mr. Gabiola's statements as "un-sworn" statements. In support of this assertion, Plaintiff cites *Hayes v. Marriot*, 70 F.3d 1144, 1148 (10th Cir. 1995) which cites to two cases for the proposition that unsworn affidavits do not raise factual issues precluding summary judgment. Defendants do not question this authority; rather question its place in Plaintiff's argument with regard to Defendants' affidavits.

The first case relied upon by the Court in *Hayes*, was *Nissho-Iwai Am. Corp. v. Kline*, 845 F.3d 1300, 1306 (5th Cir. 1988). There, *Kline* submitted an affidavit while never taking an oath, or declaring that her statements were true and accurate. *See id.* The Court specifically held "Kline never declared her statement to be true and correct; therefore, her affidavit must be disregarded as summary judgment proof." *Id.* The second case relied upon by the Court was *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985). There, the Seventh Circuit reversed a district court's decision to exclude an affidavit because although it was signed and contained the notary statement, it did not contain the notary seal. *Id.*

Unlike the aforementioned cases referenced by the Plaintiff, the affidavit of Julian E. Gabiola is a sworn affidavit as it specifically states "JULIAN E. GABIOLA, having been duly sworn upon oath, deposes and states as follows." Mr. Gabiola further states that he has "personal knowledge with respect to the matters herein." The affidavit is signed and notarized by

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT - 3**

Stephanie Shutes who is authorized by the state of Idaho to administer the oath. Therefore, Plaintiff's assertion that this affidavit is unsworn to is unfounded and misplaced. Furthermore, Mr. Gabiola has been heavily involved in the discovery in this matter and has thoroughly reviewed the documents and does have personal knowledge of which documents were produced in discovery.

Plaintiff also contends that Mr. Gabiola's affidavit is generalized and conclusory, and therefore insufficient to establish facts or create factual disputes. This contention is also misplaced as Mr. Gabiola specifically states that certain documents were true and accurate copies of documents—all but two of which were produced in discovery. These statements cannot be described as generalized or conclusory.

**B.     The Affidavit of Julian Gabiola is Based Upon Admissible Evidence**

Plaintiff also contends that the statements of Julian Gabiola are not based on admissible evidence. This contention is also misplaced.

Rule 56(e) of the Federal Rules of Civil Procedure specifically provides, "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify in the matters stated." It is well-settled within the Tenth Circuit that the Court can "consider only admissible evidence in reviewing an order granting summary judgment. While the party opposing summary judgment need not produce evidence in a form that would be admissible at trial, the content or substance of the evidence must be admissible." *Wright-Simmons v. Okla. City*, 155 F.3d 1264, 1268 (10th Cir. 1998).

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT - 4**

Client:1780207.1

Plaintiff's main contention seemingly relates to Exhibit P which are excerpts of the claims file that was produced in discovery in response to Plaintiff's Requests for Production of Documents. As with any claims file, these excerpts contain time stamped entries of investigative work as well as notes from conversations the Adjustor had with Plaintiff's counsel regarding coverage. At issue here are notes from two specific conversations where Plaintiff's counsel indicated that he hated to file suit because the adjustor had been "so nice" and one conversation where Plaintiff's counsel thanked the Adjustor for her "professionalism."

Plaintiff's counsel does not deny that he made these statements; rather, he solely claims they constitute inadmissible hearsay. Rule 803(6) of the Federal Rules of Evidence specifically provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> **Records of Regularly Conducted Activity.**—A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted bus, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation[.]

The Tenth Circuit recently articulated the requirements that need to be met for what is known as the business records exception to the hearsay rule:

> To satisfy the business records exception, the proposed document must "(1) have been prepared in the normal course of business; (2) have been made at or near the time of the events recorded; (3) be based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant; and (4) indicate the sources, methods and circumstances by which the record was made trustworthy."

*U.S. v. Rogers*, 556 F.3d 1130, 1136 (10th Cir. 2009).

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT - 5**

These documents were prepared in the normal course of business and appear to have been made at or near the time of the events recorded as they are time stamped entries. The records also indicate that they were made with the personal knowledge of Amy Crain Chadwick as she is listed as the entrant of the information and the adjustor on the claim. Finally, there is no indication that these documents are untrustworthy. Plaintiff's counsel does not dispute that he left a voicemail for Ms. Chadwick thanking her for her professionalism or that in a conversation he stated that she was "so nice." Certainly, given the opportunity, Ms. Chadwick will be able to testify to the methods and circumstances by which these records are made trustworthy.

C. **The Court Should Consider the Authenticated Documents listed in Mr. Gabiola's Affidavit Even if it is Stricken.**

The Tenth Circuit Court of Appeals recently addressed the issue of excluding exhibits to a motion for summary judgment in *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164 (10th Cir. 2009). There, the district court refused to consider documents submitted in support of Mohawk's response to Law's motion for summary judgment because the documents were not submitted with an affidavit to authenticate them. *See id* at 1166. These documents consisted of documents on Law's letterhead that were produced by Law in its initial disclosures and several other documents that were provided in discovery but were not printed on Law's letterhead. Mohawk appealed the decision of the district court and its categorical disregard of its documents. On appeal, the Tenth circuit noted that while an affidavit may be proper to authenticate documents, there is no requirement for an affidavit to authenticate every document submitted for consideration at summary judgment. *See id.* at 1170. The Court held that the documents produced in its initial disclosures on Law's letterhead was per se authentic. *See id.*

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT - 6**

Client:1780207.1

Therefore it was an abuse of discretion for the district court to not consider those documents. *See id.* at 1170-71. The Tenth Circuit then instructed the district court to look at each additional document to determine if it was authentic pursuant to Rule 901(b)(4) taking into consideration "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." *Id.* at 1171.

As previously stated the bulk of the Exhibits to Mr. Gabiola's affidavit are letters from John Bowers on Bowers Law Firm Letterhead or Defendants responses on its letterhead that were produced by Plaintiff in his Rule 26(A) disclosures. While these documents did not need to be authenticated by affidavit, Defendants took the extra step to do so. With regard to the remaining documents, a close look at their "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," indicates that all documents are authentic even without the affidavit of Julian Gabiola.

### III.   CONCLUSION

For the aforementioned reasons, Defendants respectfully request that this Court overrule Plaintiff's objection to Defendants' affidavits as they are proper pursuant to Rule 56 of the Federal Rules of Civil Procedure.

DATED this 24 day of September, 2010.

                                                   MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

                                                   By _____
                                                        Gary T. Dance – Of the Firm
                                                        Attorneys for Defendants

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT - 7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24 day of September, 2010, I caused a true and correct copy of the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT** to be served by the method indicated below, and addressed to the following:

| | |
|---|---|
| John D. Bowers<br>BOWERS LAW FIRM<br>P.O. Box 1550<br>Afton, WY 83110<br>Fax: (307) 886-1002 | (✓) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>(✓) Facsimile |
| James K. Lubing<br>Lubing Law Office<br>P.O. Box 3894<br>Jackson, WY 83001<br>Fax: (307) 733-7471 | (✓) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>(✓) Facsimile |

_/s/ Gary T. Dance_
Gary T. Dance

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' AFFIDAVITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT - 8**